# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | Case No. 4:10-CR-221 |
| § | Judge Crone |
| § | |
| JOSEPH ANTHONY WHITE (8) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is *pro se* Defendant's Motion to Suppress Evidence (Dkt. #228). Having considered the relevant pleadings, the Court is of the opinion that Defendant's motion should be denied.

## BACKGROUND

Defendant seeks to suppress evidence of conversations that occurred between Jose Luis Vasquez, as an informant for the Government, and an unidentified speaker (Dkt. #228 at 2). Defendant asserts that because the calls were made while Vasquez was working under the guidance of law enforcement, and drugs were not discussed during the recordings, these conversations were not in furtherance of the conspiracy and should be suppressed. *Id*.

In January of 2010, DEA Dallas Enforcement Group One and Investigators with the Mesquite Police Department began an investigation into the drug activities of the Jose Vasquez Drug Trafficking Organization operating in the Eastern and Northern Districts of Texas (Dkt. #240 at 2). The investigation resulted in several arrests and the seizure of drugs from individuals connected with this organization. *Id*. at 2-3. The Government asserts that during the investigation it learned that Defendant was distributing hundreds of kilograms of cocaine for this drug trafficking organization.

*Id*. at 4. Cooperating defendants were presented with a photograph of Defendant and positively identified him as a person who transported bulk currency and multiple kilograms of cocaine for the organization. *Id*. The Government asserts that at the request of law enforcement, the co-conspirator/co-defendant made several recorded telephone calls to Defendant where he engaged him in conversations in which Defendant admitted his involvement in the conspiracy and acknowledged his debt to the drug trafficking organization for previous cocaine deliveries. *Id*.

On May 29, 2012, Defendant filed his motion to suppress evidence (Dkt. #228). The Government filed its response on June 13, 2012 (Dkt. #240). Defendant filed his Amendment to Motion to Suppress and Response to the Government's Reply on June 20, 2012 (Dkt. #250). In addition, the Court heard oral arguments of the parties at a hearing conducted on June 26, 2012.

At the time of the hearing, Defendant argued that the conversation between the two speakers in the recordings was a "spilling the beans" conversation that merely revealed the existence of the conspiracy, but was not in furtherance of the conspiracy. In addition, Defendant stated that the voice in the recordings at issue is not his voice.

**ANALYSIS**

Based on the Court's review of the pleadings at issue, and the oral arguments made by the parties at the hearing, the Court determined that the only evidence at issue in Defendant's motion is the statements made in conversations with a co-conspirator. The Fourth Amendment prohibits "unreasonable searches and seizures" by the Government. *United States v. Hernandez*, 193 F. App'x 338, 341 (5th Cir. 2006). "[O]ral statements, if illegally overheard, and their fruits are also subject to suppression." *Alderman v. United States*, 394 U.S. 165, 171 (1969). However, "'[f]ourth Amendment rights are individually held and cannot be asserted solely by reference to a particular place;' rather they may be enforced only by persons whose own protection under the Amendment

has been violated." *United States v. Phillips*, 382 F.3d 489, 496 (5th Cir. 2004) (citing *United States v. Vega*, 221 F.3d 789, 797 (5th Cir. 2000)).

Defendant asserts that the voice contained in the recordings is not his voice. If this is the case, Defendant can have no standing to bring this motion to suppress, because his individual rights have not been violated. *See Hernandez*, 193 F. App'x at 342 (citing *Alderman*, 394 U.S. at 171-72) ("Fourth Amendment rights are personal rights," and "suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Coconspirators and codefendants have been accorded no special standing.") Defendant may not assert a Fourth Amendment violation on behalf of the unidentified voice in the recordings. The Court also notes that Defendant may raise his objections regarding whether the statements made were in furtherance of the conspiracy or not, at trial. These objections all pertain to the admissibility of the evidence at trial, as indicated by the case law cited in Defendant's motion.[1]

Therefore, the Court recommends that Defendant's motion should be denied.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Suppress Evidence (Dkt. #228) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained

---

[1] *See United States v. Lang*, 589 F.2d 92, 100 (2d Cir. 1978); *United States v. Hernandez*, 441 F.2d 157 (5th Cir. 1999); *United States v. Harrell* 436 F.2d 606 (5th Cir. 1970).

in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of June, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE